UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
ZALMAN HURWITZ, et al.,

                              Plaintiffs,

                                                        **O  R  D  E  R**

               - against -
                                                        06 CV 1440 (CLP)

AMERIQUEST RECOVERY
SERVICES, LLC,

                              Defendant.
------------------------------------------------X

## FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DISMISSING ACTION

Upon review and consideration of the Agreement dated January 17, 2007 (the

"Agreement"), and the Amendment to the Agreement, dated August 15, 2007, the evidence and

arguments submitted at the Fairness Hearing held on April 15, 2008, and the memoranda filed with

the Court, and there being no objections to the Settlement, IT IS HEREBY ORDERED and

adjudged as follows:

1.      The Agreement is incorporated by reference into this Final Order and Judgment

Approving Settlement, Certifying Settlement Class, and Dismissing Action ("Order"). Capitalized

terms in this Order shall, unless otherwise defined, have the same meaning as in the Agreement.

2.      Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby finally certifies the

following Class ("Class"):

> All persons in the United States who received a collection letter from the
> Defendant between March 29, 2005 and September 21, 2006, which indicated that
> in order to dispute the validity of the debt, the consumer was required to write to
> the debt collector.

3.    The Court appoints Representative Plaintiff Zalman Hurwitz as Class Representative and finds that he meets the requirements of Fed. R. Civ. P. 23.

4.    The Court appoints the following lawyer as counsel to the Class, and finds that counsel meets the requirements of Fed. R. Civ. P. 23:

> Lawrence Katz
> 445 Central Avenue, Suite 206
> Cedarhurst, New York 11516

5.    As set forth in the Court's Order preliminarily approving the Settlement, this Court convened the Fairness Hearing on April 15, 2008 in the United States District Court for the Eastern District of New York. Lawrence Katz appeared on behalf of Plaintiff and the Class, and Robert Hindman, Esq. appeared on behalf of Defendant. No other persons or counsel appeared at the Fairness Hearing. This Court preliminarily approved the Class Settlement Agreement reached between Plaintiff and Defendant. The Court approved a form of notice for mailing to the Class and approved a form and method of publication to the Class. The costs for mailing said notice together with all costs for administering the fund total $15,222.25. The Court is informed that actual notice was sent by first-class mail to 6,968 Class Members. A total of 31 envelopes were returned and re-mailed to a forwarding address. There were 532 Class Members who opted to participate in the fund. There were no objectors to the Class Settlement Agreement and no Class Member requested exclusion from the class. The Court is aware that as a result of the unusually high rate of participating Class Members, each participating Class Member will receive $18.37. The Court, being fully advised in the premises, hereby orders:

6.    Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this Action, as embodied in terms of the Agreement dated January 17, 2007, and amended on August 15, 2007, is hereby

2

finally approved as a fair, reasonable, and adequate settlement of this case in light of the factual, legal, practical, and procedural considerations raised by this case.

7.      The Court finds that notice previously given to Class Members in this action was the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

8.      The Court further finds, in light of the current posture in this case, and the certification of this Class as a Settlement Class, that:

(a)      the above-described Class is so numerous that the joinder of all Class Members is impracticable;

(b)      there are questions of law or fact common to the Class;

(c)      the claims of the Representative Plaintiff are typical of the claims of the Class that Representative Plaintiff seeks to certify; and

(d)      the Representative Plaintiff and his counsel will fairly and adequately protect the interests of the Class;

(e)      that the questions of law or fact common to each member of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual Class Members; and

(f)      that certification of the Class is superior to other available methods for the fair and efficient adjudication of this controversy.

9.      After due consideration of Representative Plaintiff's likelihood of success at trial, the range of Representative Plaintiff's possible recovery, the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable, the complexity, expense,

and duration of the litigation, the lack of opposition to the Settlement, the reaction of Class

Members to the Settlement, the state of proceedings at which the Settlement was achieved, the

litigation risks to Plaintiff and the Class Members, all written submissions, affidavits, and

arguments of counsel, and after notice and a hearing, this Court finds that the Settlement is fair,

adequate, and reasonable. Accordingly, the Agreement should be and is approved and shall govern

all issues regarding the Settlement and all rights of the Parties, including the Class Members.

10.     Upon consideration of Class Counsel's application for attorney's fees and costs, the

amount of the Attorney Fee Award and costs is hereby fixed at $20,250.00, to be paid directly by

the Defendant to the attorney for the class and not from the Settlement Fund.

11.     Plaintiff is awarded the amount of $1,000.00 as a combined Incentive Award and

statutory damages.

12.     In accordance with the Agreement, and to effectuate the Settlement, the Defendant

shall cause:

(a)     the Consideration to be disbursed from the Settlement Fund to all 532 Class

Members who submitted a Valid Claim Form in accordance with the terms of the

Agreement;

(b)     the Attorney Fee Award and costs awarded in Paragraph 10 above to be paid

to Plaintiff's Counsel in accordance with the terms of the Agreement;

(c)     the Incentive and Statutory Award set forth in Paragraph 11 above to be paid

in accordance with the terms of the Agreement; and

(d)     the Settlement Fund Excess to be disbursed from the Settlement Fund to

Plaintiff's Counsel, in accordance with the terms of the Agreement, for payment to the

Brooklyn Legal Aid Society.

13.     This Action and all claims against Defendants are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter judgment to that effect in this Action. The judgment shall be without costs to any Party.

14.     Each Class Member shall be bound by the Agreement, including the Releases set forth in the Agreement, and the Agreement is incorporated into this Order by reference, as if fully set forth herein, such that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and preclusion.

15.     Each and every Class Member hereto is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against Defendants or any Released Person (as defined in the Agreement) any claim that was brought in this Action, or for which a release is being given under the Agreement.

16.     This Court hereby retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Agreement. The Court further retains jurisdiction to enforce this Order entered this day.


**SO ORDERED.**

Dated: Brooklyn, New York
       July 1, 2008

                                        Cheryl Pollak
                                        _____
                                        Cheryl L. Pollak
                                        United States Magistrate Judge
                                        Eastern District of New York

5